SANDLIN, APPELLANT, v. THE FIRST NATIONAL BANK OF CINCINNATI, APPELLEE.

[Cite as Sandlin v. First Natl. Bank, 20 Ohio App. 2d 200.]

(No. 10831—Decided August 11, 1969.)

*Messrs Spievack & Spievack* and *Mr. Albert Spievack,* for appellant.

*Messrs. Taft, Stettinius & Hollister* and *Mr. David W. Matthews,* for appellee.

HESS, J.   This is an appeal by the plaintiff-appellant on questions of law from a judgment entered by the Court of Common Pleas, Hamilton County, pursuant to that court's action in sustaining a demurrer by the defendant-appellee to the amended petition of the plaintiff. Hereinafter, the parties will be referred to as they appeared in the Court of Common Pleas.

The amended petition of the plaintiff reads as follows:

"Comes now the plaintiff and by way of amendment states that he is a numismatist, with his principal place of business located at 2315 Southwest Freeway, Houston, Texas.

"Further, that on or about the 17th day of September, 1964, he sold to one Albert Codispot, whose place of business is located at 201 Penn Center Boulevard, Pittsburgh, Pennsylvania, fifty-five (55) rolls of 1955-D quarters for the sum of eight thousand, one hunderd and forty-eight ($8,148) dollars.

"Plaintiff further states that the terms of said sale were 'cash,' that the plaintiff was directed by the purchaser to ship these coins to The First National Bank of Cincinnati, the defendant herein, and that said shipment was consigned to the Safe Deposit Vault of the defendant bank with instructions thereon reading as follows: 'Please notify security on arrival.'

"Plaintiff states that he received a check from the purchaser for eight thousand, one hundred and forty-eight ($8,148) dollars to cover the purchase price of said coins hereinbefore described but that said check was not paid and that payment was refused because of insufficient funds.

"Plaintiff further states that said shipment of coins as hereinbefore described was consigned by him to The First National Bank of Cincinnati, defendant herein, and thereafter without authority on the part of the plaintiff, defendant did deliver and turn over said shipment of coins to one, Security Finance Company of Cincinnati, Ohio.

"Plaintiff further states that he had no dealings with Security Finance Company of Cincinnati, Ohio, that he did not know of a Security Finance Company, and that he gave no instructions whatsoever to the defendant herein to turn

over and/or deliver said shipment to said Security Finance Company.

"Plaintiff further states that Security Finance Company has disposed of said coins as hereinbefore described, further, that title never passed by reason of the fact that a check sent to the plaintiff by one Albert Codispot was not honored, and that the plaintiff has been damaged by reason thereof.

"Plaintiff further states that by reason of the negligence on the part of the defendant herein in releasing and turning over these coins to the Security Finance Company he has been damaged to the sum of eight thousand, one hundred and forty-eight ($8,148) dollars.

"Wherefore, plaintiff prays judgment against the defendant in the sum of eight thousand, one hundred and forty-eight ($8,148) dollars, together with interest at the rate of six (6%) per cent per annum from the 17th day of September, 1964, and for his costs herein expended."

The demurrer of the defendant is based on the grounds that "it appears on the face of the amended petition that the plaintiff has not legal capacity to sue, and that the amended petition does not state facts which show a cause of action."

In sustaining the demurrer, the trial court determined that Chapter 1302, Revised Code, Uniform Commercial Code, specifically Sections 1302.53, 1302.44 and 1302.42, are applicable, and found that the "defendant bank was either an agent of the buyer or a third party to whom the buyer ordered the coins shipped. In either event, under Chapter 1302, the risk of loss and title passed to the buyer. There it was at the time of the defendant's alleged negligence. Plaintiff therefore is not the real party in interest and does not have a cause of action against defendant."

Section 1302.53, Revised Code, provides:

"(A) Where the contract requires or authorizes the seller to ship the goods by carrier:

"(1) * * * the risk of loss passes to the buyer when the goods are duly delivered to the carrier even though the shipment is under reservation * * *."

Section 1302.44, Revised Code, reads:

" * * * A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase, the purchaser has such power even though:

" * * *

" (2) the delivery was in exchange for a check which is later dishonored, or

" (3) it was agreed that the transaction was to be a 'cash sale' * * *."

Section 1302.42, Revised Code, provides:

"* * * Insofar as situations are not covered by the other provisions * * * of the Revised Code * * *:

"* * * Any retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest. * * *

" (B) Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest * * *."

The defendant argues that when the coins were sold to Albert Codispot and his check was accepted the plaintiff no longer had any legal interest in the coins, even though the check was not honored. Defendant bases this conclusion on Section 1302.44, Revised Code.

The defendant was not concerned with the title to the coins or any contract of sale which may have existed between the plaintiff and Albert Codispot. Certainly, the plaintiff was a creditor of Albert Codispot after the check given to the plaintiff was not honored. The plaintiff had an interest in the coins by reason of the sale to Codispot. Whether the instruction to the defendant to "notify security on arrival" was a part of the delivery process by the plaintiff or an instruction to the defendant to deliver the coins to a third party must be determined by the evidence. Section 1302.42, Revised Code, *supra*.

Section 1302.53, Revised Code, does not apply in this matter because there was no loss by the carrier.

The amended petition contains the allegation that

204

the plaintiff was directed ''by the purchaser [Codispot] to ship these coins to The First National Bank of Cincinnati \* \* \* and that said shipment was consigned to the Safe Deposit Vault of the defendant bank with instructions thereon reading as follows: 'Please *notify* security on arrival.' '' (Emphasis provided.) Apparently, there was no instruction to the defendant to deliver the coins to anyone.

A gratuitous bailment was created when the defendant accepted the coins. Whether the defendant exercised the degree of care required of an alleged bailee in the instant case should be determined by the evidence.

The judgment sustaining the demurrer is reversed and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.